# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                :        Case No. 1:07-cr-8

                                         Chief Judge Susan J. Dlott
     -vs-                          Magistrate Judge Michael R. Merz

                              :

SHAWNDRE HOUSTON,

      Defendant.

## DECISION AND ORDER ON MOTION TO STAY; REPORT AND RECOMMENDATIONS ON THE MERITS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 31) and his Motion for Stay and Abeyance (Doc. No. 32).

Upon initial referral of the case, the Magistrate Judge granted Defendant an opportunity to file a reply to the Answer and set a date for that reply of September 15, 2009 (Order, Doc. No. 39). However, no reply has been filed. In the same filing, the Magistrate Judge ordered Defendant to advise the Court of what state court proceedings he had filed to obtain vacatur of prior felonies and what the status of those proceedings was; Defendant has not responded to that Order.

### Motion for Stay and Abeyance

The United States Supreme Court recently found that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

1

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269 (2005). It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

At the time he filed the Motion for Stay, Houston represented to this Court that he had already (i.e., as of September 18, 2008) begun to seek vacatur "in the proper state court forum." However, he has never furnished this Court with any proof of filing in any state court forum, either at the time he requested the stay, or now, more than a year later, when the Court specifically ordered him to file such proof.

As the Supreme Court made clear in *Rhines*, it would be an abuse of discretion to stay a habeas or § 2255 matter indefinitely if the petitioner were not proceeding promptly in the state court. Since Defendant has not shown diligence in pursuing the state court remedies, his Motion for Stay is DENIED.

**Merits Analysis**

Defendant was sentenced in September, 2007, to a forty-six month term of imprisonment based on his plea of guilty to one count of violating 18 U.S.C. § 922(g). He now claims that Amendment 709 to the Sentencing Guidelines, effective November 1, 2007, would result in a decrease of his criminal history category and thereby decrease the sentencing range applicable to his case.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. §2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085, 60 L. Ed. 2d 1634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346 (1974), quoting *Hill v. United States*, 368 U.S. 424, 428-429 (1962); *see also Griffin v. United*

*States*, 330 F.3d 733, 736 (6th Cir. 2006). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

Defendant has not shown any error, much less a fundamental defect, in his sentence. First of all, he was sentenced before Amendment 709 became effective and the Sentencing Commission did not suggest that it be applied retroactively. Secondly, even if Amendment 709 were applied to this case, it would not change the calculated sentencing range because there were other convictions which would also be counted if these two convictions in question were eliminated.

Accordingly, Defendant is not entitled to relief under § 2255 and the Motion should be denied with prejudice. Because objectively reasonable jurists would not disagree with this conclusion, Defendant should be denied the privilege of appealing *in forma pauperis* and any requested certificate of appealability.

September 23, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v.*

*Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).